**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ST. PAUL MERCURY INSURANCE COMPANY,** | **1:14-CV-244-LJO-GSA** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 21)** |
| v. | |
| **CENTEX HOMES, et al.,** | |
| **Defendants.** | |

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Kern County Superior Court. Defendants Centex Homes and Centex Real Estate Corporation ("Centex") constructs residential homes throughout California. St. Paul Mercury Insurance Company ("St. Paul") is an insurance provider and provided insurance to one of Centex's subcontractors, with Centex named as an additional insured under the policy ("the insurance policy").

Centex has been the defendant in a number of cases currently pending in this Court and elsewhere concerning lawsuits over alleged construction defects in the homes Centex has been involved in building and the insurance policies insuring the construction of those homes. St. Paul brought this suit due to Centex's alleged breach of one of those insurance policies. *See* Doc. 17 at 1. Likewise, Travelers Indemnity Company of Connecticut ("Travelers") brought suit against Centex in this Court for the exact same reasons as St. Paul. Centex moved to dismiss Travelers's third cause of action for equitable reimbursement, which this Court granted without leave to amend on July 30, 2014. *See Travelers v. Centex*, No. 14-CV-217 ("the *Travelers* case"), Doc. 26.

Here, Centex moves to dismiss St. Paul's third cause of action for equitable reimbursement. The Court has reviewed the papers and has determined that the matter is suitable for decision without oral

argument pursuant to Local Rule 230(g). The Court has reviewed the record and the parties' submissions in their entirety and finds that the materials facts of the *Travelers* case and the arguments Centex made in support of its motion to dismiss Plaintiff's third cause of action for equitable reimbursement in that case are essentially identical to those involved in this case. That is, the Court finds that the Order granting Centex's motion to dismiss in the *Travelers* case is directly applicable to Centex's motion to dismiss here. Specifically, as in the in the *Travelers* case, Plaintiffs fail to allege that they immediately defended Centex in the underlying lawsuit at issue here. Rather, Plaintiffs allege that they "plan[] to accept" Centex's tender of defense of the underlying. Doc. 17, Second Amended Complaint, at ¶ 16.

For the reasons more thoroughly discussed in the Court's July 30, 2014 Order in the *Travelers* case, Centex's motion to dismiss Plaintiff's third cause of action for equitable reimbursement is GRANTED WITHOUT LEAVE TO AMEND. The August 13, 2014 hearing date is VACATED.

IT IS SO ORDERED.

Dated:   **August 4, 2014**                              /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE