# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL MERCERY INSURANCE CO. a Connecticut , Co. and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Co.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTEX HOMES, a Nevada General Partnership and CENTEX REAL ESTATE CO, a Nevada Corporation,<br><br>Defendants. | No. 1:14-cv-244-LJO-GSA<br><br>**ORDER AFTER STATUS CONFERENCE** |

A status conference was held in this case on August 27, 2014 to discuss this case, as well as the management of several of the pending related cases. (Doc. 30). Angela Zanin-Wog appeared telephonically on behalf of Plaintiffs Saint Paul Mercury Insurance Company and Travelers Indemnity Company of Connecticut. Jeffrey Hayes personally appeared on behalf of Centex Homes and Centex Real Estate Corporation.

At the hearing, it was noted that these parties (or related parties) have filed fourteen cases in this district. The Court was advised that the parties anticipate filing several other cases. In

1

order to facilitate the formulation of a case management strategy to best handle these cases, the parties shall file a joint statement no later than **September 17, 2014**, addressing the following areas :

1) Provide an overview of the issues presented in this litigation including a comprehensive list of all the cases filed in this district. Additionally, the parties shall identify how many cases that have been filed in both state and federal courts nationally and in California (to the best of their knowledge), as well as how many new cases the parties anticipate filing (or removing) in this district. For the cases in this district, identify any related state proceedings, and indicate whether the issue of attorney representation for Centex, or other parallel issues are presented in each of these cases. If parallel proceedings exist, identify the court and the case number, as well as an explanation outlining the status of each state case;

2) The parties indicated that resolution of the main issue in this litigation will likely be dependent on a ruling from a California appellate court or the Ninth Circuit. Outline the applicable case law and explain how the lack of controlling authority impacts this litigation. The parties shall address whether some or all of these cases should be stayed pending the issuance of a decision from a state appellate court or the Ninth Circuit;

3) Given the above, each party shall state its position regarding the preferred method of the Court's management of these cases. At the hearing, the parties indicated that consolidation of the cases would not be feasible because each case has unique facts that require individualized analysis. However, the parties shall indicate whether relation, or grouping of the cases based on common issues or procedural posture, would be appropriate  In doing so, the parties shall be mindful that this Court carries one of the heaviest caseloads in the nation;

4) The parties shall indicate the amount and the type of discovery that is anticipated in the presently filed cases. Explain whether any points of contention exist in the discovery context, and outline the parties' history with regard to the resolution of the discovery disputes; and

5) Finally, the parties shall specifically address the likelihood of settling the cases that have been filed in this district. As part of this analysis, the parties shall indicate whether a settlement conference addressing a single case versus a global settlement format would be most effective. If the former is true, the parties shall identify a specific case to begin the settlement discussions, and shall also provide three mutually agreeable dates to hold a settlement conference.

Failure to timely file the joint statement may result in the imposition of sanctions. Upon a review of the joint statement, the Court will issue an order advising the parties of the next step in

1  this litigation.

3  IT IS SO ORDERED.

   Dated:   **September 5, 2014**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE