# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, et al., <br><br>  **Plaintiffs,** <br><br> v. <br><br> CENTEX HOMES, et al., <br><br> **Defendants.** | 1:14-cv-244-LJO-GSA <br><br> **MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. 32) OF MEMORANDUM DECISION AND ORDER (Doc. 25)** |

Plaintiffs St. Paul Mercury Insurance Company and Travelers Indemnity Company of Connecticut (collectively, "Plaintiffs") filed this suit against Defendants Centex Homes and Centex Real Estate Corporation (collectively, "Centex") on February 24, 2014. Doc. 1. On April 9, 2014, Plaintiffs filed a first amended complaint ("the FAC") in which they alleged three causes of action for (1) declaratory relief, (2) breach of contract, and (3) equitable reimbursement. Doc. 9.

On May 20, 2014, the Court granted with leave to amend Centex's motion to dismiss Plaintiffs' third claim for equitable reimbursement based on the Court's resolution of a similar motion to dismiss in a related case, *Travelers v. Centex*, No. 14-cv-217-LJO-GSA, 2014 WL 2002320 (E.D. Cal. May 15, 2014) ("the *Travelers* case"). Doc. 16 at 2. In the *Travelers* case, the Court found that Plaintiffs' equitable reimbursement claim failed because the underlying state court lawsuit between the parties—the basis for the claim—was still pending in state court. 2014 WL 2002320, at *6. The Court did not address Centex's other arguments as to why Plaintiffs' claim failed. Specifically, the Court did not

1

address Centex's argument that Plaintiffs' equitable reimbursement claim failed because the FAC did not allege facts demonstrating that Plaintiffs "immediately" agreed to defend Centex in the underlying state court action. *See id.*

Plaintiffs filed a second amended complaint ("the SAC") on June 9, 2014. Doc. 17, Second Amended Complaint ("SAC"). On July 2, 2014, Centex moved to dismiss Plaintiffs' equitable reimbursement claim. Doc. 21 at 3. Centex argued that the claim should be dismissed for multiple reasons, including the fact that the SAC did not allege facts demonstrating that Plaintiffs "immediately" agreed to defend Centex in the underlying state court action. *Id.* at 3, 9-10. Plaintiffs did not address this argument in their opposition to Centex's motion to dismiss. *See* Doc. 23 at 2.

On August 4, 2014, the Court granted without leave to amend Centex's motion to dismiss Plaintiffs' claim for equitable reimbursement. Doc. 26 ("the August 4, 2014 order") at 6-7. The Court relied on a subsequent order doing so in the *Travelers* case in which the Court acknowledged that it erred in previously holding that Plaintiffs' equitable reimbursement claim failed as a matter of law because the state court lawsuit between the parties was ongoing at the time Plaintiffs filed this case. *See Travelers*, 14-cv-217-LJO-GSA, Doc. 26 ("the *Travelers* order") at 5, n.2. The Court further found that Plaintiffs' equitable reimbursement claim nonetheless failed because the SAC failed to allege facts demonstrating that Plaintiffs "immediately" agreed to defend Centex in the underlying state court lawsuit after Centex tendered the case to Plaintiffs. *Id.* at 6. The Court therefore granted without leave to amend Centex's motion to dismiss Plaintiffs' third claim for equitable reimbursement. *Id.* at 7.

On August 19, 2014, the Court granted Plaintiffs' motion for reconsideration of the *Travelers* order. *Travelers*, 14-cv-217-LJO-GSA, Doc. 30 ("the *Travelers* reconsideration order"). The Court granted Plaintiffs leave to amend to their third cause of action for equitable reimbursement.

Currently pending before the Court is Plaintiffs' motion for reconsideration of the August 4, 2014 order. Doc. 32.[1] For the reasons discussed in the *Travelers* reconsideration order, the Court

---

[1] The Court construes Plaintiffs motion to have been brought under Fed. R. Civ. P. 60(b).

2

1 | GRANTS Plaintiffs' motion for reconsideration. The August 4, 2014 order (Doc. 25) is AMENDED to

2 | grant Plaintiffs leave to amend. Any amended complaint shall be filed on or before September 26, 2014.

3 | IT IS SO ORDERED.

4 | Dated:   **September 16, 2014**          **/s/ Lawrence J. O'Neill**
          UNITED STATES DISTRICT JUDGE